IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| WALTER HOWARD KNORR, JR. and | : | BANKRUPTCY NO.: 5-12-bk-03704-JJT |
| MARY ANN KNORR, | : | |
| DEBTORS | : | |
| | : | |
| CHARLES J. DeHART, III, | : | {**Nature of Proceeding**: Trustee's Objection |
| STANDING CHAPTER 13 TRUSTEE, | : | to Second Amended Chapter 13 Plan |
| OBJECTOR | : | (Doc. #46)} |
| | : | |
| vs. | : | |
| | : | |
| WALTER HOWARD KNORR, JR. and | : | |
| MARY ANN KNORR, | : | |
| RESPONDENTS | : | |

# OPINION

The Chapter 13 Trustee has objected to the confirmation of Debtors' plan arguing that they do not devote all of their projected disposable income toward plan payments. Section 1325(b)(1) indicates that should the trustee object, then the Court may not approve a Chapter 13 plan unless the unsecured claimants are paid in full or all of the debtors' "projected disposable income" during the applicable commitment period will be applied toward payment of the unsecured creditors. Disposable income is a term of art calculated by taking the Debtors' "current monthly income"[1] and reducing it by deductions referenced in § 707(b)(2).

In making the calculation of disposable income, I am directed to deduct
from income those amounts that are "reasonably necessary" for support of the

---

[1] While the term "current monthly income" is a term of art specifically defined in § 101(10A) of the Code with reference to prepetition income, the Supreme Court case of *Hamilton v. Lanning* has held that projected disposable income, a component of such being current monthly income, allows the bankruptcy court to consider changes in future income and expenses that are virtually certain to occur. *Hamilton v. Lanning*, 560 U.S. 505, 130 S.Ct. 2464, 2478 (2010).

Debtors and the Debtors' dependents. 11 U.S.C. § 1325(b)(2). Use of the quoted term requires me to refer to 11 U.S.C. § 707(b)(2) for further details. 11 U.S.C. § 1325(b)(3). Generally speaking, Section 707, in turn, allows standard deductions in three categories covered by the Internal Revenue Manual (IRM). Those general categories are National Standards, Local Standards, and Other Necessary Expenses.FN1

> FN1. Section 707(a)(2)(A)(ii)(I) reads, in part:
> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. 11 U.S.C.A. § 707.

> Internal Revenue Service National Standards have been established for five expense items—(1) food, (2) housekeeping supplies, (3) apparel and services, (4) personal care products and services, and (5) miscellaneous. IRM 5.15.1.8. As indicated at the IRS web page, all expenses except miscellaneous are derived from the Bureau of Labor Statistics Consumer Expenditure Survey. http:// www. irs. gov/ individuals/ article/ 0,, id= 96543, 00. html. These allowances are for amounts based on family size without questioning the actual amount spent. The Bankruptcy Code provides that an additional allowance of "up to 5%" may be allowed for food and clothing if reasonable and necessary. 11 U.S.C. § 707(b)(2)(A)(ii).

> Local Standards set forth in the IRM cover housing, utility, and transportation expense. IRM 5.15.1.9. It may be debatable whether the allowance is capped at the actual expenditure or the standard, whichever is less. The standards, nevertheless, represent the maximum deduction *(Ransom v. FIA Card Servs., N.A.*, ––– U.S. ––––, 131 S.Ct. 716, 728 n. 8, 178 L.Ed.2d 603 (2011)), except as otherwise provided. See 11 U.S.C. § 707(b)(2)(A)(ii)(V).

> Actual monthly expenditures are allowed in those categories identified by the Internal Revenue Service as "Other Necessary Expenses." 11 U.S.C. § 707(b)(2)(A)(ii)(I). "[T]hey must provide for the health and welfare of the taxpayer and/or his or her family or they must be for the production of income. This is determined based on the facts and circumstances of each case." IRM 5.15.1.10

*In re Gregory,* 452 B.R. 895, 897-898 (Bkrtcy. M.D.Pa. 2011).[2]

---

[2] Updated information regarding categories covered by the Internal Revenue Manual can be found at http://www.irs.gov/irm/part5/irm_05-015-001.html

The Trustee's specific criticism is with a $140 monthly child care expense that is explained by the Debtors as follows: the male Debtor typically cares for the minor children while the female Debtor is at her place of employment. For three weeks out of the year, the male Debtor volunteers as an adult supervisor at a boy scout camp, a cub scout camp, and a girl scout camp. during which time the children under his care are sent to scout camp in lieu of alternative child care services. Since Mr. Knorr feels his volunteer activities are an essential contribution, he argues that the expenses associated with this activity are a "reasonable and necessary" expense.

Let me begin by stating that Mr. Knorr's volunteer activities are admirable and, I am sure, a significant and valuable life lesson to his minor children. That conclusion, however, is not dispositive of the issues before me. For the Debtors to successfully defend the Trustee's objection to the plan, they must show that all of their projected disposable income is dedicated to the plan. A review of Schedules I and J (Income and Expense) suggest that the Debtors have $280 each month available to fund the plan. The Trustee argues that the expense schedule, Schedule J, improperly includes the child care expense earlier alluded to. For this expense to be permitted, it must fit within the category of "Other Necessary Expenses" issued by the Internal Revenue Service. 11 USC § 707(a)(2)(A)(ii)(I). The Financial Analysis Handbook of the Internal Revenue Manual is an accepted tool in interpreting the IRS guidelines in this area. 5.15.1 et seq. These expenses must meet the necessary expense test. 5.15.1.7.8. "The necessary expense test is defined as expenses that are necessary to provide for a taxpayer's and his or her family's health and welfare and /or production of income." 5.15.1.7.1. Child care expenses must meet the necessary expense test. 5.15.1.10.3. I am satisfied that the expense required to

allow the Debtor to devote his time to charitable work is reasonable in the context of a family that pays its bills when they are due, but not one seeking to reorganize their affairs in a Chapter 13 framework. Nevertheless, according to the Handbook, "it may be appropriate to allow up to one year in order to modify or eliminate the expense." 5.15.1.10.2. In sustaining the Trustee's objection to the plan, I will permit the Debtors to utilize this child care expense for the first year of a future plan.

      My Order will follow.

By the Court,

_John J. Thomas, Bankruptcy Judge_
(CMS)

Date: October 8, 2013